# Exhibit 1

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
CMS Dallas – Survey & Operations Group
1301 Young Street, Room 106-900
Dallas, Texas 75202



## IMPORTANT NOTICE - PLEASE READ ENTIRE DOCUMENT CAREFULLY
### This serves as official notice pursuant to 42 CFR Part §488.

April 3, 2024
Delivered by Fax Only

Administrator
Remarkable Healthcare of Fort Worth
6649 N Riverside Dr
Fort Worth, TX  76137

RE:  Imposition of Remedies
     CMS Certification Number (CCN):  676285
     Enforcement Cycle Start Date (CSD):  January 29, 2024

Dear Administrator:

On January 29, 2024, and February 12, 2024, your State Survey Agency (SA) concluded inspections during surveys at your facility. The SA notified you of its findings in letters dated February 16, 2024, and March 5, 2024. After a careful review of the facts, the Centers for Medicare & Medicaid Services (CMS) has determined that the above-named facility no longer meets the requirements for participation in the Medicare/Medicaid programs; although the conditions that represented immediate jeopardy had been removed, the facility continued to be not in substantial compliance. We concur with the findings, which indicate that the facility was not in substantial compliance with the following Medicare/Medicaid Requirements:

January 29, 2024, survey:
F0550 -- S/S: G -- 483.10(a)(1)(2)(b)(1)(2) -- Resident Rights/Exercise of Rights
F0584 -- S/S: E -- 483.10(i)(1)-(7) -- Safe/Clean/Comfortable/Homelike Environment
F0677 -- S/S: D -- 483.24(a)(2) -- ADL Care Provided for Dependent Residents

February 12, 2024, survey:
F0580 -- S/S: J -- 483.10(g)(14)(i)-(iv)(15) -- Notify of Changes (injury/decline/room, etc.)
F0684 -- S/S: K -- 483.25 -- Quality of Care
F0755 -- S/S: K -- 483.45(a)(b)(1)-(3) -- Pharmacy Services/Procedures/Pharmacist/Records

To participate as providers of services in the Medicare & Medicaid program, skilled nursing facilities must meet all provisions of Section 1819 of the Social Security Act, be in compliance with each of the Medicare/Medicaid Requirements and be free of hazard to patient health and safety.

**ENFORCEMENT REMEDIES**
Based on the deficiencies in the Statement of Deficiencies and Plan of Correction (Form CMS 2567), the following remedies are imposed:

- **Termination of Your Medicare & Medicaid Provider Agreement:**
  In accordance with the federal regulations at 42 CFR §488.456, 42 CFR §488.53, and the statutory provisions at Section 1819(h)(4) and Section 1919(h)(5) and your continued noncompliance with the Medicare requirements for participation, **the Centers for Medicare & Medicaid Services (CMS) is terminating your facility's Medicare & Medicaid provider agreements, effective April 18, 2024**. The CMS will notify the appropriate State officials concerning the termination of your provider agreement under Title XIX via copy of this letter.

- **Per-Day Civil Money Penalty (CMP):**
  CMS is imposing, in accordance with the statutory provisions at §1819(h) and §1919(h) and Federal regulations at 42 CFR §488.430, §488.434, §488.438, a Federal Civil Money Penalty of $2,900.00 per day for the one (1) day of January 26, 2024, for a total of $2,900.00, a Federal Civil Money Penalty of $16,395.00 per day for fourteen (14) days beginning January 27, 2024, and continuing through February 9, 2024, for a total of $229,530.00, and a Federal Civil Money Penalty of $2,900.00 per day beginning February 10, 2024, and continuing until further notice from CMS. In determining the amount of the CMP, CMS considers the seriousness and pervasiveness of the deficiencies, the degree of facility culpability, facility compliance history, and financial condition.

  **Financial Hardship Consideration**
  You may request financial hardship consideration for a reduction in the CMP. If you would like to request a financial hardship consideration, please see the attached document (Financial Hardship Review) and return all required documents **only by e-mail** to Thornell Lewis at thornell.lewis@cms.hhs.gov by April 18, 2024. Please include the CCN-676285, CSD-January 29, 2024, and your facility's name to the subject line of your email or fax to identify your facility. Contact Thornell Lewis at thornell.lewis@cms.hhs.gov if you have any questions.

  **CMP Reduction if No Appeal is Filed**
  If CMS does not receive a request for a hearing from a facility, the facility will be deemed to have waived its right to a hearing 60 days from the date of this notice. CMS will then reduce the CMP by 35%.

  If you would like to request a hearing, please refer to the "Filing an Appeal" section in this letter.

  PLEASE DO NOT SEND PAYMENT AT THIS TIME. CMS will notify you of the total amount due and where payment is to be sent.

  **Collection of a CMP and Deposit in Escrow**
  In accordance with 42 CFR §488.331 and §488.431, CMS will collect this imposed CMP and place the monies in an escrow account before a final administrative hearing. The CMP will be collected on the earliest date of the following:

  - Completion of an Independent Informal Dispute Resolution (IIDR); or
  - Ninety (90) days from the date of this Notice Letter

**Opportunity for Independent Informal Dispute Resolution (IIDR)**
You have ten (10) calendar days from the date of this notice letter to request an Independent Informal Dispute Resolution (IIDR). To request an IIDR and a copy of your SA's IIDR Process please contact:

> HHSC IDR Unit
> 4601 W. Guadalupe, Mail Code H-970
> Austin, Texas 78751
> Phone: 512-706-7268
> e-mail: IDR@hhsc.state.tx.us

**Please be advised you are not required to request an IIDR.** You may choose to continue an Informal Dispute Resolution (IDR) request already made to your State Survey Agency. You may not use both dispute resolution processes at §488.331 and §488.431 for the same deficiency citation arising from the same survey unless the IDR was at §488.331 was completed prior to CMS imposing the CMP. The IIDR process will generate a written record. The SA is not required to adopt the IIDR recommendations. If your SA disagrees with the IIDR recommendation, your IIDR will be referred to the CMS Dallas location. The CMS Dallas location may adversely modify the survey findings upon its review of the IIDR. The IIDR process is not a formal evidentiary hearing and does not grant further appeal rights.

For additional guidance, please refer to the Survey and Certification Memorandum S&C 12-08-NH.

- **Denial of Payment for New Admissions (DPNA):**
  Payment will be denied for all NEW Medicare & Medicaid admissions, beginning March 2, 2024, in accordance with the statutory provisions at §1819(h)(2)(D) and §1919(h)(2)(C) and Federal regulations at 42 CFR §488.417. Under CMS's authority, the SA sent you notice of this remedy in their February 16, 2024, and March 5, 2024, letters. CMS will notify your Medicare payer of the date the denial of payment begins. DPNA will continue until the day before your facility achieves substantial compliance or your provider agreement is terminated. *[You may not bill new Medicare/Medicaid residents or their responsible parties for services normally covered by Medicare, Medicaid, or Medicare Managed Care Organizations during DPNA.]*

Please note all deficiencies cited for the surveys included under the CSD-January 29, 2024, will need to be in substantial compliance for remedies to be rescinded or for the effective last day to be determined.

**FILING AN APPEAL**
If you disagree with the determination of noncompliance (and/or substandard quality of care resulting in the loss of your Nurse Aide Training and Competency Evaluation Program (NATCEP), if applicable), you or your legal representative may request a hearing before an administrative law judge of the U.S. Department of Health and Human Services, Departmental Appeals Board. Procedures governing this process are set out in 42 CFR §498.40, et. seq. You may appeal the finding of noncompliance that led to an enforcement action, but not the enforcement action or remedy itself. A request for a hearing should identify the specific issues, and the findings of fact and conclusions of law with which you disagree. It should also specify the basis for contending that the findings and conclusions are incorrect. You may have counsel represent you at a hearing (at your own expense). Requests for a hearing submitted by U.S. mail or commercial carrier are no longer accepted unless you do not have access to a computer or internet

service. **You must file your hearing request electronically by using the Departmental Appeals Board's Electronic Filing System (DAB E-File) at *https://dab.efile.hhs.gov* no later than June 2, 2024 (60 days from the date of receipt of this letter via fax).**

When using DAB E-File for the first time, you will need to create an account by a) clicking Register on the DAB E-File home page; b) entering the requested information on the Register New Account form; and c) clicking Register Account at the bottom of the form. Each representative authorized to represent you must register separately to use the DAB E-File on your behalf.

The e-mail address and password given during registration must be entered on the login screen at: *https:/dab.efile.hhs.gov/user_sessions/new* to access DAB E-File. A registered user's access to DAB E-File is restricted to the appeals for which he/she is a party or an authorized representative. You can file a new appeal by a) clicking the *File New Appeal* link on the Manage Existing Appeals screen; then b) clicking *Civil Remedies Division* on the File New Appeal screen; and c) entering and uploading the requested information and documents on the File New Appeal-Civil Remedies Division form.

The Civil Remedies Division (CRD) requires all hearing requests to be signed and accompanied by the notice letter from CMS that addresses the action taken and your appeal rights. All submitted documents must be in Portable Document Format (PDF). Documents uploaded to DAB E-File on any day on or before 11:59 p.m. ET will be considered to have been received on that day. You will be expected to accept electronic service of any appeal-related documents filed by CMS or that the CRD issues on behalf of the Administrative Law Judge (ALJ) via DAB E-File. Further instructions are located at: *https://dab.efile.hhs.gov/appeals/to_crd_instructions*. Please contact the Civil Remedies Division at (202) 565-9462 if you have questions regarding the DAB E-Filing System. If you experience technical issues with the DAB E-Filing System, please contact E-File System Support at OSDABImmediateOffice@hhs.gov or call (202) 565-0146 before 4:00 p.m. ET.

If you do not have access to a computer or internet service, you may call the Civil Remedies Division at (202) 565-9462 to request a waiver from e-filing and provide an explanation as to why you cannot file electronically, or you may mail a written request for a waiver along with your written request for a hearing. A written request for a hearing must be filed no later than June 2, 2024 (60 days from the date of receipt of this letter via fax), by mailing to the following address:

Department of Health & Human Services
Departmental Appeals Board, MS 6132
Director, Civil Remedies Division
330 Independence Avenue, S.W.
Cohen Building – Room G-644
Washington, D.C. 20201

In addition, please email a copy of your request to CMPDAL@cms.hhs.gov. Please ensure your facility's CMS number (CCN)-676285, CSD-January 29, 2024, and name are in the subject line of your email. In accordance with §498.20, the failure to request a hearing will render the survey findings and imposed remedies final and binding.

**REASONABLE ASSURANCE**
Medicare regulation 42 CFR §489.57 requires that when a Medicare provider agreement is terminated by CMS, a new agreement will not be accepted until it has been determined that the reason for the termination of the agreement has been removed and there is a reasonable assurance that it will not recur. The terminated provider will have to operate for a period of time determined by CMS, during which the reasonable assurance requirement has been satisfied. During this period, the provider must fulfill, or make satisfactory arrangements to fulfill, all of the statutory and regulatory responsibilities of the previous Medicare agreement.

**CONTACT INFORMATION**
If you have any questions regarding this matter, please contact Thornell Lewis of my staff at thornell.lewis@cms.hhs.gov or (214) 767-6289. Please include the CCN-676285, CSD-January 29, 2024, and your facility's name in the subject line of your email or voice mail message.

Sincerely,

*[signature]*

Gerardo Ortiz
Division Director
Dallas Survey & Operations Group

Enclosure
cc: State LTC Sanctions
State Medicaid Agency
MAC
Department of Justice

## CMS Dallas location: Financial Hardship Review

If you wish to request financial hardship consideration, please return the documents listed below under "Required Documents" and/or any additional information via e-mail to Thornell Lewis at thornell.lewis@cms.hhs.gov. Contact Thornell Lewis at (214) 767-6289 if you have any questions.

**Purpose:** To determine if the owners of the provider agreements have sufficient financial resources to pay the full civil money penalty (CMP) and to assure the health, safety, and well-being of the residents, to pay staff and vendors when payment is due, and/or to avoid going out of business.

- If you do not request a hearing within 60 days from the date of the CMP imposition notice, CMS will reduce the CMP by 35%.

- You may file an appeal, and you may request a Financial Hardship Review.

- If you file an appeal, the monies will be placed in an escrow account.

- CMS will not conduct a Financial Hardship Review for a CMP of $10,000 or less.

**Process:** Submit the Required Documents (below) to CMS within 15 days. Identify each submission by its number and the title on the list.

CMS will not review your financial hardship request if you fail to submit and identify each of the Required Documents or an acceptable alternative. If you cannot provide a required document or if you are submitting an alternative, you must explain why you cannot provide the required document in your summary listing the supporting documents (#2, below).

**Required Documents**

1. Written, dated request specifying the reason(s) financial hardship is alleged.
   - State if you are requesting a reduction of the CMP.
   - State the reduced amount.

2. A brief summary listing the documents being submitted. Use attached checklist.

3. The most recent, full year audited financial statements of your facility and your "home office and/or related entities" prepared by an independent accounting firm (including footnotes). CMS will not review your financial hardship request if the independent audits have a disclaimer.

4. A quick ratio prepared by the independent accounting firm.

5. A current ratio prepared by the independent accounting firm.

6. Current balance sheet.

7. Schedule showing amounts due to/from related companies, or individuals, included in the balance sheets. The schedule will list the names of related organizations, or persons, and indicate where the amounts appear on the balance sheet (e.g., accounts receivable, notes receivable, etc.).

Case 4:24-cv-00337-O   Document 1-2   Filed 04/17/24   Page 8 of 10   PageID 28

8. Current income statement.

9. Current cash flow statement.

10. Organizational chart with an explanation/description concerning the related entities.

11. Previous full year audited financial statements of the home office and/or related entities (including footnotes).

12. Disclosure of expenses and amounts paid/accrued to the home office and/or related entities.

13. Copy of tax returns for the preceding two years.

14. Documentation of any/all financing arrangements including mortgages, long term debt and lines of credit.

15. The attestation Statements below, signed by the CEO and the Administrator.

**Attestation Statements**

I HEREBY CERTIFY that I have examined the financial documents submitted for financial hardship review on behalf of the Owners of the Medicare & Medicaid Provider Agreements who control the financial resources available to the facility assigned CMS Certification Number (CCN): _____.

I HEREBY CERTIFY that these documents truly, correctly, and completely show that financial resources available to the Owners of the Medicare & Medicaid Provider Agreements are not sufficient to pay the civil money penalty in full and to pay staff and vendors when payment is due, to assure the health, safety, and well-being of the residents, and/or to avoid going out of business.

Name: _____    Date: _____
Chief Executive Officer, Acting for the Owners of
the Medicare & Medicaid Provider Agreements

Name: _____    Date: _____
Administrator of the Facility

**Please Return a Copy of this Form with your Documents**

| Checklist for CMS Dallas Location: Financial Hardship Review |||||||
|---|---|---|---|---|---|---|
| Sent | CCN | 676285 | Name | Remarkable Healthcare of Fort Worth | CSD-January 29, 2024 ||
| | 1 | Reason(s) Financial Hardship Is Alleged |||||
| | 2 | A Summary Listing the Supporting Documents |||||
| | 3 | Full-Year Audited Financial Statements Prepared by an Independent Accounting Firm |||||
| | 4 | Quick Ratio Prepared by an Independent Accounting Firm |||||
| | 5 | Current Ratio Prepared by an Independent Accounting Firm |||||
| | 6 | Current Balance Sheet |||||
| | 7 | Schedule Showing Amounts Due to/from Related Companies, or Individuals, Included in the Balance Sheets |||||
| | 8 | Current Income Statement |||||
| | 9 | Current Cash Flow Statement |||||
| | 10 | Organizational Chart |||||
| | 11 | Previous Full-Year Audited Financial Statements of the Home Office and/or Related Entities |||||
| | 12 | Disclosure of Expenses and Amounts Paid/Accrued to the Home Office and/or Related Entities |||||
| | 13 | Tax Returns for the Preceding Two Years |||||
| | 14 | Financing Arrangements |||||
| | 15 | Attestation Statement CEO and Administrator |||||
| Yes | No | Has the facility appealed this Enforcement Action? |||||

676285 01-29-24a Remarkable Healthcare of Fort Worth 817-847-0685
Ph # 817-847-1860