# Exhibit 9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

FILED
OCT 1 4 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| MANOR PARK, INC., d/b/a | § | |
| MABEE HEALTH CARE CENTER | § | |
| Plaintiff | § | |
| | § | |
| v. | § | MO-10-CV-103 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HEALTH & HUMAN SERVICES | § | |
| Defendant | § | |

**TEMPORARY RESTRAINING ORDER, and**
**ORDER DENYING MOTION TO DISMISS**

Before the Court are Manor Park's ("Plaintiff's") Complaint and Application for Injunction and a Temporary Restraining Order (Doc. No. 1), as well as the Department of Health and Human Services' ("Government's" or "HHS's") Motion to Dismiss Plaintiff's Complaint and Application for Injunction and Restraining Order (Doc. No. 6). The Court held a hearing on this matter on October 7, 2010, and this Order now issues.

A.  **DENIAL OF MOTION TO DISMISS**

The initial issue the Court must address is the Government's Motion to Dismiss Plaintiff's cause of action for lack of subject matter jurisdiction. The Court **DENIES** the Government's Motion.

When a plaintiff lacks standing to sue in federal court, the court can dismiss the action, under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. *See e.g. Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir.1997). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other

1

challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994).

The Court finds Plaintiff has jurisdiction to bring this cause of action under Title 28 United States Code, Section 1331. A plaintiff may avail itself of district court jurisdiction when agency review procedures do not provide for review of the agency action in question. *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 19-20 (2000) (discussing *Bowen v. Michigan Academy of Familly Physicians*, 476 U.S. 667 (1986)). The Court makes the following findings:

1. The Court finds that administrative agency actions that are not reviewable under the system of administrative review fall under the *Michigan Academy* exception, and the District Court has federal question jurisdiction over causes of action arising therefrom. *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667 (1986) (quoted in *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 19-20 (2000).

2. Plaintiff was informed by CMS that it was only entitled to appeal "the findings of noncompliance that led to an enforcement action, but not the enforcement action or remedy itself." (Pl. Compl., Ex. C, 2, "August 3 Letter"; Ex. D, 2, "August 20 Letter"). Plaintiff is seeking to appeal the enforcement action taken against it as being improper.

3. Plaintiff has appealed and entered into the Informal Dispute Resolution ("IDR") process regarding the findings of noncompliance. (Pl. Reply to Def. Motion, 3). Plaintiff was not allowed to raise issues in this appeal regarding the enforcement action taken against it; Plaintiff was limited to noncompliance issues.

    4.    Following the IDR process, the Texas agency that conducted the surveys issued a letter stating all enforcement action, including denial of payment for new admissions, would be withdrawn. (Pl. Reply to Def. Mot., Ex. A, "September 7 Letter"). CMS then reviewed the IDR decisions noted in the September 7 Letter and changed the enforcement actions to include denial of payment for new admissions. (Pl. Reply to Def. Mot., Ex. B, "September 28 Letter"). This change in enforcement action, which is unappealable, led to Plaintiff's complaint and motion for temporary restraining order.

For these reasons, the Court **DENIES** the Government's motion and finds that federal question jurisdiction exists for this cause of action.

B.    **TEMPORARY RESTRAINING ORDER**

Additionally, the Court has considered Plaintiff's request for a Temporary Restraining Order, supporting documentation, and exhibits. The Court finds this request should be **GRANTED** for the following reasons:

    1.    Plaintiff is not subject to Denial of Payment for New Admissions ("DPNA") under 42 C.F.R. § 488.417(b), which is the statutory provision that was cited in the August 3 Letter.[1]

    2.    Plaintiff has attempted to resolve this matter by contacting Centers for Medicare and Medicaid Services ("CMS"). Plaintiff has also initiated appellate review through the proper HHS agency channels.

    3.    A substantial likelihood exists that Plaintiff will ultimately prevail on the merits.

---

[1] The Court does not rule on applicability of 42 C.F.R. § 488.417(a) at this time.

4. Plaintiff has shown that irreparable injury will result if the temporary restraining order is not granted. Due to Plaintiff's status as one of only two Medicare-approved facilities in Midland, Texas, the Court finds that Plaintiff, its residents, and potential applicants would be unable to receive proper care without re-institution of payments for new Medicare admissions to Manor Park and Mabee Health Care Center.

5. Plaintiff has shown that the threatened injury to Plaintiff and its patients outweighs any damage the restraining order may cause, and that granting the restraining order is not adverse to the public interest.

6. Plaintiff has demonstrated that it is in the public interest for new Medicare admissions to be reinstated at Manor Park.

Thus, the Application for a Temporary Restraining Order (Doc. No. 1) is **GRANTED**.

**Accordingly, payment for new Medicare and Medicaid admissions should be restored as of August 18, 2010. HHS, CMS, its agents (state and federal), employees, attorneys and any other person in active concert therewith is hereby enjoined and prohibited from denying payment for new admissions to Manor Park, d/b/a Mabee Health Care Services, absent further order of this Court.**

The Court shall conduct a **hearing on the merits of entering a Preliminary Injunction** on **OCTOBER 29, 2010, at 9:00 a.m.**, in the United States District Court for the Midland-Odessa Division, located at 200 E. Wall Street, Midland, Texas. This Temporary Restraining Order expires on that same date and time.

C. **SCHEDULING ORDER - PRELIMINARY INJUNCTION HEARING**

1. **On or before Monday, OCTOBER 18, 2010,** the Plaintiff shall compile both a

4

witness list and an exhibit list and give both lists to the Government. If a copy of the exhibit has not yet been admitted (i.e., was not admitted as an exhibit during the October 7 Temporary Restraining Order Hearing), then Plaintiff shall provide a complete copy of the proposed exhibit for the Government.

2. **On or before Wednesday, OCTOBER 20, 2010,** the Government shall also compile both a witness list and an exhibit list and give both lists (including copies of proposed exhibits) to the Plaintiff.

3. Each party's witness list must include the following information:

    a. Witness's Name

    b. Current Address (city and state only)

    c. Employment or Position

    d. Brief Description of Proposed Testimony (Not to exceed 4 sentences).

4. **On or before Wednesday, OCTOBER 27, 2010,** the parties shall file any objections to proposed exhibits.

5. Plaintiffs shall execute a **corporate bond** in the amount of twenty-five thousand dollars ($25,000.00), payable to the United States Centers for Medicare and Medicaid Services ("CMS").

**IT IS SO ORDERED.**

SIGNED this _13_ day of OCTOBER, 2010.

ROBERT JUNELL
United States District Judge
Western District of Texas