UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KRS PROPERTIES, LLC, and WEST WHARTON HOSPITAL DISTRICT § § § **Plaintiffs,** § § v. § **Civil Action No. 4:24-cv-00337-O** § CENTERS FOR MEDICARE & § MEDICAID SERVICES, § § **Defendant.** § § § § | |

## ORDER

Before the Court is Plaintiffs' Original Complaint and Application for Injunction and Restraining Order and *Ex Parte* Request for Emergency Hearing (ECF Nos. 1, 3), filed April 17, 2024.[1] Under the federal rules, a Court may issue a temporary restraining order ("TRO") *ex parte*, without written or oral notice to an adverse party, *only if*:

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movants' attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1); *see also Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415 (5th Cir. 2013) ("[a] temporary restraining order requires verification in the motion of the immediate need for the order, the efforts that had been taken to contact the adverse party, and a time limit for the order—14 days"). The standard for issuance of an *ex parte* TRO is an exacting one. The reason for placing "stringent restrictions" upon TROs is "that our entire jurisprudence runs counter to the

---

[1] This case originated with Plaintiffs' Complaint (ECF No. 1), filed on April 17, 2024. Given Plaintiffs' recent filing of the case, the docket reflects Defendants have not been served or otherwise appeared.

notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974).

Ordinarily, such orders are permissible where notice is impossible because the opposing party is unknown or is unable to be found. *See First Tech. Safety Sys. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 2003) (citing *Am. Can Co.v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Such an order may also be appropriate if notice to the adverse party "would render fruitless further prosecution of the action." *Id.* This latter scenario exists in limited circumstances, i.e., "(1) there is an imminent threat of the destruction of the disputed property; (2) there is an imminent threat that property will be removed beyond the confines of the state; or (3) there is an imminent threat that the property will be sold to an innocent third party." *Adelman v. Zapata Cty.*, 2009 WL 10715842, at *1 (S.D. Tex. Mar. 4, 2009) (citing *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979)).

The only mention in Plaintiffs' motion of their efforts made to give notice is in the Certificate of Conference and Attempted Notice. ECF No. 1 at 19. Plaintiffs describe efforts to reach a resolution that were not successful, and that they provided courtesy copies of their pleading at the time it was filed to counsel they had previously worked with, but "do not know whether the lawyers with whom they have been dealing are the lawyers who will represent [Defendant] in this proceeding." *Id*. Finally, in their efforts to reach a resolution, Plaintiffs threatened Defendant that injunctive relief "could" be sought if a resolution was not reached. *Id*. The Court finds these attempts to provide notice made by the movants' attorneys are insufficient. *See* FED. R. CIV. P. 65(b)(1). Additionally, in their Motion, Plaintiffs make no mention why such notice should not be

required in this case. *Id*. Nor does the motion indicate that the circumstances here justify proceeding without notice to Defendants.

Thus, the Court **DENIES** Plaintiffs' motion for failure to satisfy the stringent requirements of Rule 65 and to demonstrate the necessity of an *ex parte* order. Finally, the Court makes no determination regarding Plaintiffs' entitlement to injunctive relief as a general matter. Plaintiffs' may renew such request for relief once Defendants have been served with notice of the instant action. Should Plaintiffs renew their Motion once Defendants have been properly served with notice, the parties must meet and provide a joint briefing schedule.

**SO ORDERED** this **17th day** of **April, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**