IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KRS PROPERTIES, LLC and WEST WHARTON HOSPITAL DISTRICT, § § § § § § § § § § § § § § § § | | |
| Plaintiffs | | |
| vs. | | Case No. 4:24-cv-00337 |
| UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, CENTERS FOR MEDICARE & MEDICAID SERVICES, THROUGH ITS SECRETARY, XAVIER BECERRA | | |
| Defendants | | |

**MOTION TO RECONSIDER ORDER DENYING EX PARTE RELIEF (RE: DOCKET NO. 4)**

TO THE HONORABLE REED O'CONNOR, U.S. DISTRICT JUDGE:

Plaintiffs, KRS Properties, LLC ("KRS") and West Wharton Hospital District ("WWHD"), Plaintiffs, file this *Motion to Reconsider Order Denying Ex Parte Relief* (the "Motion") pursuant to Fed. R. Civ. P. 60(b) regarding the Order (Docket No. 4) denying the request of Plaintiffs for a Temporary Restraining Order ("TRO"), and in support thereof would show to the Court the following.

**1. Plaintiffs initially have sought an emergency hearing.**

1. Plaintiffs anticipated that an emergency hearing would be necessary with respect to the requested TRO, and thus Plaintiffs provided notice to the HHS-CMS lawyer who is the primary point of contact in the Remarkable bankruptcy cases and in the CMS enforcement action. *See* Ex. 12-15 attached hereto. Plaintiffs believe that the Complaint and TRO application

provides sufficient grounds and cause for the Court to issue an ex parte TRO, as explained herein, but an emergency hearing on April 18 or April 19 with email notice to HHS-CMS also is contemplated and sought in the absence of ex parte relief.

2.      Plaintiffs also have filed a verified complaint.  The verification of Josh Kilgore, the principal of KRS, is contained in Exhibit 4 to the Complaint and TRO application.  Also, a verified complaint is necessary in the absence of affidavits, but this Complaint and TRO application contains the Kilgore affidavit and at least six affidavits of residents and/or family members all contained in Exhibit 11 to the Complaint.

**2. Plaintiffs have provided sufficient notice.**

3.      Plaintiffs have served the Defendant through the very counsel, Ms. Whitney Tharpe, who is working day-to-day with respect to the bankruptcy of the Remarkable Healthcare of Carrollton LLC, and the related Debtors, and who continues to work on these matters following termination of the automatic stay as to the Fort Worth facility.

4.      Ms. Tharpe has filed a notice of appearance for the Defendant in the bankruptcy (Case No. 24-40605 Docket No. 16).  *See* Exhibit 12 (Tharpe NOA).

5.      Ms. Tharpe has continued to represent the Defendant and interact with the Debtors on behalf of the Defendant since the April 3, 2024 notice from CMS. *See* Exhibit 13 (Debtor-CMS emails, 20240403).

6.      On April 10-11, Ms. Tharpe also communicated to Ms. Spruill, lead counsel of Plaintiffs, that the HHS-CMS termination decision would not be reversed.  See Exhibits 14-15, attached hereto.  This is why Ms. Spruill provided copies on April 17, 2024 to Ms. Tharpe of everything filed in this action including the request for an emergency hearing.

7. Ms. Tharpe was among four or five different HHS-CMS attorneys (Ms. Tharpe, Ahsley Fenton, Daniel Wolfe, and Tanglia Fudge-Bernal) involved in the two (2) conference calls held on April 11, 2024 with the Plaintiffs.

8. The filer of this Motion, Jeff Carruth, is the counsel for KRS Fort Worth LLC and the other KRS landlord entities in the bankruptcy case, and has interacted with Ms. Tharpe and Ms. Fenton on numerous occasions and participated in one or more hearings with Ms. Tharpe and/or Ms. Fenton in which they have appeared for HHS and/or CMS to address CMS payment and reimbursement issues and to address the more than $800,000 that KRS has provided in emergency payroll loans to the Debtors for the March 22, 2024 and April 5, 2024 payrolls.

9. Consequently, Plaintiffs have provided notice to the very counsel who is working day-to-day on these matters.

10. The statement of Plaintiffs in the certificate of service that other attorneys may represent Defendants in this action going forward merely reflects the reality that Plaintiffs have interacted with at least three or four different government lawyers representing the Defendant since belatedly learning of the actions of the defendant on April 10, 2024.

11. Furthermore, all of the relevant agencies are aware of this pending action. For example, counsel for Texas Health and Human Services Commission, Mr. Christoper Murphy, contacted the Plaintiff's. *See* Exhibit 16 attached hereto (Murphy email 20240417.1416).

12. HHS-CMS attorneys and representatives conducted a conference call with Pure Health on the afternoon of April 18, 2024 to discuss the Fort Worth facility.

13. Consequently, there is no a lack of notice, lack of actual knowledge, or lack of attention to this action on the part of the relevant government agencies.

### 3. Plaintiffs have demonstrated why action without notice should be taken.

14. The TRO application in the Complaint demonstrates why an emergency hearing is necessary. As demonstrated throughout the Complaint and TRO Application, the situation at the facility is dire.

15. The TRO application in the Complaint. including the affidavits of resident and family members, demonstrates the immediate and dire consequences faced by the residents if they must move from the facility or if they feel that they must move from the facility and then so do as a proximate result of the extreme confusion sown by various actors including CMS personnel. *See* Docket No. 1, at ¶¶ 9-21, Ex. 04-11.

16. The time that would be taken by a briefing schedule and awaiting a hearing will all be too little too late to stop the process already underway since April 3, 2024 (and further underway before Plaintiffs learned of the CMS action on April 10, 2024) that will result in residents leaving the facility under compulsion and duress.

17. The TRO would provide the pause necessary to address the highly irregular activities of HHS-CMS without unduly impacting the medically fragile patients.

### 4. Alternatively, an emergency hearing is requested.

18. In the absence of a TRO, then Plaintiffs respectfully requests that the Court conduct an emergency hearing on April 18, 2024 or April 19, 2024, by telephone conference or videoconference if necessary, to address whether temporary injunctive relief is appropriate.

19. Such a hearing would remedy the concerns of the Court with respect to taking action in an *ex parte* manner.

**5. Additional notice.**

20.     As additional notice, all of the items filed to date in this action and this Motion are being served by direct email to all HSS-CMS counsel who have appeared in the bankruptcy case and/or interacted with the Plaintiffs.

**6. Proposed form of TRO.**

21.     A proposed form of TRO was submitted to the Court in accordance the internal procedures of this Court on April 17, 2024.

WHEREFORE, Plaintiffs, KRS Properties, LLC ("KRS") and West Wharton Hospital District ("WWHD"), Plaintiffs, respectfully requests that the Court reconsider the Order (Docket No. 4) and enter a Temporary Restraining Order, or, alternatively, conduct an emergency hearing to consider a Temporary Restraining Order as set forth above.  Plaintiffs respectfully requests such other and further relief to which Plaintiffs are entitled at law or in equity.

*{continued on following sheet}*

Dated:  April 18, 2024  Respectfully submitted:

BEST & SPRUILL, P.C.

By: ___*/s/ Allison L. Spruill\**___
    ALLISON L. SPRUILL (TX SBN: 00789644)
    6805 N. Capital of Texas, Suite 330
    Austin, TX 78731
    Telephone: (512) 257-2104
    Email: allison@bestandspruill.com

*-and-*

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:___*/s/ Jeff Carruth*___
    JEFF CARRUTH (TX SBN:. 24001846)
    24 Greenway Plaza, Suite 2050
    Houston, Texas 77046
    Telephone: (713) 341-1158
    Fax: (713) 961-5341
    E-mail:  jcarruth@wkpz.com

ATTORNEYS FOR
KRS FORT WORTH LLC, PLAINTIFF

REED, CLAYMON, MEEKER, KRIENKE & SPURCK, PLLC

By:___*/s/ Trent Kreinke\**___
    TRENT KREINKE (TX SBN: 24057951)
    5608 Parkcrest Drive, Suite 200
    Austin, Texas 78731
    Telephone (512) 660-5960
    Fax (512) 660-5979
ATTORNEYS FOR
WEST WHARTON HOSPITAL DISTRICT
PLAINTIFF

*\* Signature by permission by /s/ Jeff Carruth*

## CERTIFICATE OF SERVICE

The undersigned certifies that this Motion and Docket Nos. Nos. 1-4 in this action were served on April 18, 2024 by direct email to the following attorneys representing HHS-CMS and/or Texas HHSC.

| | |
|---|---|
| Whitney Tharpe (HSS-CMS) | whitney.tharpe@usdoj.gov |
| Ashley Fenton (HSS-CMS) | ashley.fenton1@hhs.gov |
| Daniel Wolf (HSS-CMS)e | daniel.wolfe@hhs.gov |
| Tangla Fudge-Bernal (HSS-CMS) | tangla.fudge-bernal@hhs.gov |
| Christopher S. Murphy (Texas HHS) | christopher.murphy@oag.texas.gov |
| Layla D. Milligan (Texas HHS) | layla.milligan@oag.texas.gov |
| Sherri Simpson (Texas HHSC) | sherri.simpson@oag.texas.gov |

        */s/ Jeff Carruth*
        Jeff Carruth